**Dorothy M. MCMULLEN, on behalf of herself and all others similarly situated; Barry B. Roseman, as Trustee; Leon Troll; Bette Grayson Kurzweil; Robert Grayson, as Trustees of the trust under the will of Florence Rosenman and Thomas Thatcher, Plaintiffs—Appellants,**

v.

**FLUOR CORPORATION; Leslie G. McCraw; Hugh K. Coble; Dennis W. Benner; Dennis G. Bernhart; J. Michael Conaway; Jim Stein; James O. Rollins, Defendants—Appellees.**

No. 02–56388.

D.C. No. CV–97–00734–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided Nov. 14, 2003.

198

Robert N. Kaplan, Kaplan, Kilsheimer & Fox, New York, NY, Sanford Svetcov, Milberg Weiss Bershad Hynes & Lerach, LLP., San Francisco, CA, Alexandra S. Bernay, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA, Marc Topaz, Schiffrin & Barroway, LLP., Bala Cynwyd, PA, for Plaintiffs–Appellants.

Bruce G. Vanyo, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Defendants–Appellees.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM *

Lead plaintiff Dorothy McMullen brought this case against the Fluor Corporation on behalf of a class of investors for alleged violations of securities laws and regulations occurring in the second half of 1996 and early 1997. In 2000, the district court dismissed the plaintiffs' second amended consolidated complaint without prejudice for their failure to comply with the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Then in 2002, the district court dismissed the plaintiffs' third amended consolidated complaint *with* prejudice—thereby denying the plaintiffs leave to amend—because "nothing before the Court suggests that plaintiffs can amend their complaint to state a claim." (The district court, in so ruling, did not have the benefit of subsequent decisions of this circuit that bear directly on the pleading posture of this case.) McMullen and the other class representatives now appeal the denial of leave to amend. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because the complaint may be saved by amendment, we reverse.

Although the district court's discretion to deny leave to amend is particularly broad when the plaintiffs have previously amended their complaint, see In re The Vantive Corp., 283 F.3d 1079, 1097–98 (9th Cir.2002), the district court has only limited discretion to dismiss a securities complaint without leave to amend on the sole basis that allowing further amendment would be futile. In such a situation, the district court has acted within its discretion only if, after we review the complaint de novo, we determine that the complaint

of this circuit except as provided by Ninth Circuit Rule 36-3.

could not be saved by amendment. *See Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo review* that the complaint could not be saved by amendment."); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir.2000) (same) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999)).

When deciding whether to permit amendments to a complaint—after the first amendment submitted as of right under Federal Rule of Civil Procedure 15(a)—a court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis in original); *see also In re Read–Rite Corp.*, 335 F.3d 843, 845–46 (9th Cir.2003) ("[L]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks omitted)

"Where the plaintiff offers to provide 'additional evidence' that would add 'necessary details' to an amended complaint and such offer is made in good faith, leave to amend should be granted." *Broudo v. Dura Pharm.*, 339 F.3d 933, 941 (9th Cir. 2003).

*Broudo* is directly on point here. In opposing Fluor's motion to dismiss, the plaintiffs offered to provide the district court with additional evidence that would add further details to those already contained in the third amended complaint.[1] Indeed, when granting the motion to dismiss without leave to amend, the district court acknowledged that the extrinsic evidence the parties had submitted "demonstrate that both sides to the controversy could adduce more and additional documents to support inferences favorable to their positions."[2] Because the district court identified the complaint's defects to include failure to allege the contents of the financial documents identified in the complaint or to allege corroborating details that would give the alleged documents some indicia of reliability, and since the plaintiffs sought to cure this problem through the presentation of additional evidence—and thus create a "a reasonable chance of successfully stating a claim," *Eminence*, 316 F.3d at 1053—leave to amend should have been granted. We cannot accept Fluor's argumentan argument that was not presented to the district

---

1. The plaintiffs have requested that we take judicial notice of their proposed fourth amended consolidated complaint, which was not part of the record before the district court. Although it would not be improper for us to consider this complaint, *see Levald v. City of Palm Desert*, 998 F.2d 680, 692 n. 6 (9th Cir.1993), we need not do so. The third amended consolidated complaint, complemented by the materials submitted to the district court, are sufficient to allow us to determine that plaintiffs should have been granted leave to amend.

2. The district court appears to have discounted the plaintiffs' proffer of witness testimony to bolster their complaint because the sources were unnamed. We have since concluded, however, that confidential witness statements can support granting leave to amend. *See Broudo*, 339 F.3d at 941; *accord ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 352 (5th Cir.2002) ("[O]ur reading of the PSLRA rejects any notion that confidential sources must be named as a general matter.").

court—that denial of leave to amend was proper because of the plaintiff's bad faith.

Where additional information that plaintiffs might include in an amended complaint "contributes to a showing of scienter [and falsity] in any meaningful way," *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.2002), leave to amend should be given. In this case, the additional material contributes to plaintiffs' requisite showing of falsity—it provides a level of detail that may create the indicia of reliability of the internal Fluor reports that the district court found lacking. *See In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir.1999). Specifically, Fluor's Fisher declaration attached a number of Project Management Review Reports for the Rabigh project from April through October 1996; Financial Status Reports for this project from July and October 1996; and Project Management Review Reports for another Engineering & Construction unit project—the Taft project—for June through October 1996. The contents of these reports, which include dates and specific projections of profits and losses, can allow plaintiffs to include much more detail about the internal Fluor documents than was previously available, thus increasing the particularity of the pleadings as required under the PSLRA. In addition, the plaintiffs' Howe declaration says that they can provide even further detail about these internal documents, including "analy[sis of] the exhibits' data, how they were created, who reviewed them, and what documents were omitted from defendants' submission." The plaintiffs told the district court that since filing their third amended consolidated complaint, they have conducted additional interviews with "witnesses from the engineering and construction industry, consultants, and former Fluor employees, including personnel from the Power Group, Petro Chemicals, project personnel and management, finance, engineering, administration, and former finance directors,

as well as personnel from GE and Agra Monenco, the Canadian consultant working with the Saudi government on its Rabigh project" that can also provide more particularized information about the internal documents, and can even identify discrepancies between the figures on the reports and the corporation's actual financial condition.

This material and the additional detail that it could lend to an amended complaint may also contribute "in a[ ] meaningful way" to a showing of scienter. *Gompper,* 298 F.3d at 898. For example, the plaintiffs have indicated that they have more specific witness testimony from finance and project management personnel to show that from March 1996 to September 1996, the Rabigh project went from a potential profit of $13.6 million to a projected loss of $12.3 million, that during the same time the cost estimate rose by $25 million, and that together with the certainty of a $20–30 million penalty Fluor's top executives knew that the Rabigh project would run a loss of $50 million but nonetheless made a number of false statements about Fluor's prospects. The witness statements based on personal knowledge that the plaintiffs suggest they can provide are more specific than the allegations of scienter rejected in other cases. *Cf. Vantive,* 283 F.3d at 1087 (plaintiffs attempted to establish knowledge by discussing defendants' management style and receipt of reports); *Silicon Graphics,* 183 F.3d at 985 (plaintiffs attempted to establish knowledge through general allegations that the defendants had received internal reports). Because on a motion to dismiss the district court will have to "consider whether the total of plaintiffs' allegations, even though individually lacking, are sufficient to create a strong inference that defendants acted with deliberate or conscious recklessness," *No. 84 Employer–Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.,* 320 F.3d

920, 938 (9th Cir.2003); *see also Broudo,* 339 F.3d at 941, at this stage plaintiffs appear to have a reasonable chance of successfully stating a claim on remand.

As we recently acknowledged in *Eminence,* the presumption of granting leave to amend should not be lightly cast aside. 316 F.3d at 1051. Because we are not convinced that the third amended consolidated complaint cannot be saved by amendment—that is, that the alleged futility of amendment does not overcome this presumption—we reverse so that the plaintiffs may be given another opportunity to meet the PSLRA's strict standards.

**REVERSED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.